IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL WILLIAMS | ) | CASE NO.  4:10CV1372 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| J. T. SHARTLE, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondents. | | |

Petitioner *pro se* Darryl Williams, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He states in his Petition that he is serving a sentence of 36 months for theft or bribery concerning programs receiving Federal funds in violation of 18 U.S.C. 666 imposed in the United States District Court for the Northern District of Illinois. Petitioner requests that this Court order the Bureau of Prisons ("BOP") to consider whether he should be awarded a 12 month Residential Re-entry Center ("RRC")  placement pursuant to the factors set forth in 18 U.S.C. § 3621(b) that are supported by reliable evidence, consider him for RRC placement without regard to any perceived need for the BOP to manage its inmate population and without regard to any requirement that placement beyond 180 days be approved by the Regional Director. In the alternative, he seeks a Writ of Mandamus requiring the above relief. He has named the BOP as a Respondent and asserts that he has standing to bring this action under the Administrative Procedures Act (APA"), 5 U.S.C. § 706.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct.  22, 2002).  At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th  Cir.2001).  Since

Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). Petitioner was notified that he was being recommended for only 60 to 90 days placement in a Chicago area RRC. He sent a letter to his case manager requesting a 12 month placement based on the five criteria set forth in 18 U.S.C. § 3621(b)(1)-(5). He then filed a BP9 Administrative Remedy Form setting forth his argument as to why he should receive early release. On February 23, 2010, the Warden denied his request referring to the criteria but without specifically addressing each of them. Petitioner continued to appeal by filing a BP10 on March 2, 2010 which was denied on April 6, 2010, again without specifically explaining each criteria. A final appeal is to be filed with the Office of General Counsel of the BOP on a BP11 Form. *See* § 542.15(a)-(b). There is no indication that Petitioner filed this Form. Thus, he has not exhausted his administrative remedies.

Petitioner asserts that the BOP, in denying a 12 month RRC placement, considered incorrect information about his release residence, his lack of obligation to care for an elder, the imminent inability of Petitioner to continue financial support of his child and the precarious state of prospective employment. In denying his request for 12 month RCC placement, the decision makers merely mentioned the § 3621(b) criteria and considered his need for services, public safety and the necessity of the BOP to manage its inmate population. He requests that the Court order the

2

Respondents to show cause why their denial of RRC placement complies with the statute, or in the alternative, issue a writ of mandamus directing the Respondents to make a determination of his need for RRC placement in accordance with the § 3621(b) criteria.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result of this statute and the new 12-month maximum placement, the BOP issued guidance directing that "inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates." *Ramirez v. Eichenlaub,* 2008 WL 4791892, 3 (E.D. Mich., Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir.2008).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May 17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for up to a twelve month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh v. Hickey*, 2010 WL 1959308

3

* 3 (E.D. Ky., May 17, 2010).

The BOP keeps a record of each prisoner's history, activities while incarcerated and development termed the Inmate Skills Development Plan. Categories include Academic, Vocational/Career, Interpersonal, Wellness, Mental Health, Cognitive, Character, Leisure and Daily Living. The information contained in each category is used to determine RRC placement. In his request for RRC placement and in his appeals, Petitioner was able to communicate the information he claims was not before the BOP.

Petitioner cited *Krueger v. Martinez*, 665 F. Supp.2d 477 (M.D. Pa., 2009), wherein the court stated:

> In other words, while staff have absolute discretion to recommend RRC placement for 0-6 months, if they want to recommend a placement of a longer duration they must be able to demonstrate "unusual or extraordinary circumstances justifying" the recommendation. ( *See* Doc. 17, Pet'r's Ex. U, Nov. 14, 2008 Mem.) This language effectively chills staff discretion because staff are aware of the institutional preference for a RRC placement of six months or less, a preference that is contrary to the apparent purpose of the Second Chance Act.
>
> The BOP's memoranda add additional hurdles that find no support in the text of the Second Chance Act. While it may be true that any given prisoner need not be placed in a RRC for longer than six months, it is not universally true that every prisoner will benefit from the same limitations. By depriving the initial decision maker of the ability to recommend placement unfettered by a presumptive six month cap, the BOP significantly reduces the possibility of a truly individualized review that objectively determines the duration required "to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Accordingly, because the duration of Krueger's RRC placement was determined pursuant to these impermissible limitations, the BOP abused its discretion in deciding that Krueger's placement would be for five to six months.

*Id*. at 483.

In a recent case out of the Middle District of Pennsylvania, the court declined to follow *Krueger*, *See McDonald v. Obama*, 2010 WL 1526443 * 6 -7 (M.D. Pa., Mar. 15, 2010). That court

recognized that the majority of courts hold that the "Bureau of Prisons' requirement of regional director approval, and the agency's stated view that many inmates can have their needs met through 180-day RRC placements, do not violate the Act." *Id.* (citing *Miller*, 527 F.3d at 755-58) (other citations omitted). The Court in *McDonald* found that the requirement of approval of the regional director for 12-month RRC placements and various agency statements expressing an institutional view that RRC placements of 6 months or less are generally adequate for most inmates, reflect the BOP's' exercise of its discretion in implementing the Act. *Id.*

Whether to place an inmate in RRC is determined on an individual basis using the following criteria:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence;
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 944(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5). The BOP considered all relevant factors set forth in the statute. The fact that its analysis was not as explicit as Petitioner desired does not render Respondents in violation of the Second Chance Act. *See Keeper v. Lappen*, 2010 WL 1980202 * 5 (N.D. Ohio, May 18, 2010).

Petitioner requests that the BOP's Program Statement, PS7310.04, be found to be unconstitutional and set aside under the APA to the extent that it 1) directs the RRC placement decisions take into account BOP management of its inmate population, 2) limits consideration of the history and characteristics of the prisoner to his or her institutional adjustment, and 3) requires the RRC placement beyond six months be only for extraordinary circumstances and be approved before

5

the fact by the Regional Director. 18 U.S.C. § 3625 provides that 5 U.S.C. §§ 554, 555 and 701-706 "do not apply to the making of any determination, decision or order" made by the BOP pursuant to the provisions of 18 U.S.C. § 3621. *Pitts v. Zych,* 2009 WL 1803208,* 1 (E.D. Mich., Jun. 19, 2009) (citing *Orr v. Hawk,* 156 F.3d 651, 655, n. 1 (6th Cir.1998) (BOP exempt from the judicial review and notice and comment provisions of the APA).  Therefore, the APA is not applicable to this case.

Accordingly, this action is dismissed. *See* 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED

Date:   August 24, 2010                                          S/Christopher A. Boyko
                                                                 JUDGE   CHRISTOPHER   A.   BOYKO
                                                                 UNITED STATES DISTRICT JUDGE